IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

SOMCHAI MILLER,

Petitioner,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

v.

CASE NO. 1D15-4374

STATE OF FLORIDA,

Respondent.

_____/

Opinion filed January 20, 2016.

Petition for Belated Appeal -- Original Jurisdiction.

Somchai Miller, pro se, Petitioner.

Pamela Jo Bondi, Attorney General, and Samuel Steinberg, Assistant Attorney General, Tallahassee, for Respondent.

PER CURIAM.

Somchai Miller timely seeks a belated appeal of an order denying his second amended motion for postconviction relief. We adopt the recommendation of the special master to dismiss the petition for failure to set forth a prima facie basis for

relief, but do so without prejudice to Miller filing a new petition stating a legally sufficient claim, if he is able to do so.

Miller alleges that he retained counsel to pursue postconviction remedies, and at some unspecified time following the denial of his second amended motion and a timely motion for rehearing, he and his family discussed with counsel "what should be done." Counsel is alleged to have advised that the best course of action was to file a second or successive motion with the trial court, advice that Miller now characterizes as "entirely unreasonable" under the circumstances. He therefore requests that he be granted a belated appeal.

Florida Rule of Appellate Procedure 9.141(c)(4)(F)(i) provides in relevant part that "a petition seeking belated appeal must state whether the petitioner requested counsel to proceed with the appeal and the date of any such request, or if the petitioner was misadvised as to the availability of appellate review or the status of filing a notice of appeal." Miller does not allege that he asked counsel to pursue an appeal, but we do not view that omission as material because he readily concedes that as a consequence of counsel's allegedly erroneous advice, no such request was made. However, while he does assert that he was misadvised as to the proper course of action following the denial of his second amended motion, he does not allege that he was "misadvised as to the availability of appellate review." Absent an affirmative allegation of misadvice as to the *availability* of an appeal as opposed to the *advisability* of pursuing an appeal, his

2

present claim is legally insufficient to establish a basis for granting relief. Moreover, by failing to specifically allege when the interaction with counsel occurred, petitioner has failed to set forth a prima facie basis for relief since even if erroneous, the advice to pursue another potential remedy would not have prejudiced him with respect to his appeal rights if that advice was solicited and given after the time for appealing had already expired.

Accordingly, the petition seeking belated appeal is DISMISSED as legally insufficient. This disposition is without prejudice to the filing of a new petition curing the deficiencies identified herein and otherwise complying with the requirements of Florida Rule of Appellate Procedure 9.141(c).

WETHERELL, MAKAR, and WINOKUR, JJ., CONCUR.